**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

JOHNNIE LOUIS McALPINE,

Plaintiff,

vs.

JONNA LORI MARONEY,
JAIME McALPINE, and
JERRY D. BALENTINE,

Defendants.

Case No. CIV-05-1225-F

**ORDER**

"Defendant's [Jerry Balentine's] Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) or Alternatively, Motion to Dismiss Under Rule 9(b)," filed October 26, 2005, is before the court. (Doc. no. 3.) Defendants Jonna Lori Maroney and Jaime McAlpine have also moved for dismissal, adopting Mr. Balentine's motion and briefing. Their motion, filed November 2, 2005, is styled "Defendants Jonna Lori Maroney's and Jaime McAlpine's Motion to Dismiss for Failure to State a Claim Upon Which Relief may be Granted, or Alternatively, Motion to Dismiss for Failure to Allege Fraud with Sufficient Particularity." (Doc. no. 5.) Plaintiff Johnnie Louis McAlpine has responded to both motions (response at doc. no. 7), and the motions are ready for determination. Plaintiff appears pro se, and his pleadings are liberally construed.

The motions to dismiss state that they are brought under Fed. R. Civ. P. 12(b)(6); however, the first two grounds for dismissal are lack of standing and lack of ripeness. Standing and ripeness are jurisdictional issues usually determined under Rule 12(b)(1) and analytically different from issues raised by a failure to state a claim

motion brought under Rule 12(b)(6). Wright & Miller, Federal Practice and Procedure: Civil 3d § 1350 at n. 18. While a Rule 12(b)(1) motion determines whether the plaintiff has a right to be in the particular court, a 12(b)(6) motion determines whether a cognizable legal claim has been stated.

Nevertheless, because of the importance of the Rule 12(b)(1) defense to the proper functioning of the Constitution's distribution of judicial power between the federal and state courts, federal courts should treat an improperly identified motion which actually challenges the court's authority or competence to hear the action as if it properly raised the jurisdictional point. *Id*. at n. 31. Accordingly, to the extent defendants' motions raise standing and ripeness issues, the court considers the motions as if brought under Rule 12(b)(1) and these issues are treated and referred to in the balance of this Order as the Rule 12(b)(1) issues. *See*, Colorado Environmental Coalition v. Wenker, 353 F.3d 1221, 1227 (10th Cir. 2004) (although dismissal did not specify whether it was under Rule 12(b)(1) or 12(b)(6), both of which were argued, the circuit treated the district court's dismissal as under Rule 12(b)(1) because the district court held that plaintiffs lacked standing). In addition to these 12(b)(1) jurisdictional issues, the motions also raise grounds for dismissal which are correctly considered under Rule 12(b)(6). These grounds are defendants' arguments that the Complaint fails to state a cause of action for any federal claim. (Balentine motion, p. 14.)

When both Rule 12(b)(1) and Rule 12(b)(6) are urged as grounds for dismissal, some courts have held that the court is required to consider the 12(b)(1) challenge first. *See*, National Rifle Association of America v. Magaw, 909 F. Supp. 490, 493 (E.D. Mich. 1995) (noting Sixth Circuit has so ruled). Accordingly, the court first takes up the standing and ripeness issues, and then the 12(b)(6) issues. Finally, as an alternative to dismissal under Rules 12(b)(1) and (6), the motions also argue that

plaintiff's claims should be dismissed under Rule 9(B) because they fail to allege fraud with sufficient particularity, an issue which the court leaves for last.

I. Rule 12(b)(1) Grounds for Dismissal

Motions to dismiss under Rule 12(b)(1) may take one of two forms. United Tribe of Shawnee Indians v. United States, 253 F.3d 543, 547 (10th Cir. 2001). First, a party may make a facial challenge to the plaintiff's allegations concerning subject matter jurisdiction thereby questioning the sufficiency of the complaint. *Id*. In addressing a facial attack, the district court must accept the allegations in the complaint as true. *Id*. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *Id*. In addressing a factual attack, the court does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id*.[1]

The motions do not clarify which type of attack they intend. By challenging plaintiff's standing and the ripeness of this dispute, defendants appear to challenge facts upon which subject matter jurisdiction depends. In this instance, however, all of the evidence which has been offered to support defendants' motions or plaintiff's response to those motions are documents which are either court records, or documents which constitute a part of the allegations because they are incorporated in the Complaint as exhibits. For example, the trust document which purports to establish an irrevocable trust for Jacqueline Leigh McAlpine, who is alleged to be plaintiff's sister, is attached to the Complaint. A petition for the Canadian County District Court to authorize the trust, which sets out the familial and legal relationships among various

[1]None of this type of evidence has been presented for consideration, and none of the parties have requested an evidentiary hearing.

individuals, is also attached to the Complaint. The only evidence presented which is not already alleged as part of the Complaint is a filed-stamped copy of an Order Authorizing Establishment of Trust, entered by the District Court of Canadian County. That Order is Exhibit "B" to Mr. Balentine's motion, and there is no dispute about the contents or effect of that Order, just as there is no dispute about the contents of any of the trust documents. Indeed, both parties rely upon the same documents as determinative of these motions. In these circumstances, as a practical matter, it makes little difference whether defendants' motions are considered a facial attack on the Complaint or a factual attack on underlying jurisdictional facts.

It is also not completely clear whether defendants' jurisdictional arguments are addressed to plaintiff's state and federal claims or only to plaintiff's federal claims.[2] Regardless, for reasons which will become clear later in this Order, the court only considers defendants' arguments to the extent that they go to plaintiff's federal claims.

A. Standing

The party invoking the federal court's jurisdiction, plaintiff Johnnie McAlpine, has the burden of establishing each of three elements of Article III standing as an irreducible constitutional minimum. Nova Health Systems v. Dean Gandy, 2005 WL 2387824, page 3 (10th Cir. 2005),[3] citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). First, the plaintiff must have suffered an injury in fact, an invasion of a legally protected interest that is both (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Id*. Second, there must be a causal connection between that injury and the challenged action of the defendant, that is, the

[2]Mr. Balentine "moves the Court to dismiss the Complaint" in its entirety (motion, p. 1), but defendants' standing and ripeness arguments only address federal standing (motion, pp. 7-9) and ripeness (motion, pp. 9-10) standards under Article III's case or controversy requirement.

[3]The page numbers are taken from the Westlaw book-style printed version of this decision because no other page numbers are available at this time.

injury must be fairly traceable to the defendant and not the result of the independent action of some third party. *Id*. Third, it must be likely, not merely speculative, that a favorable judgment will redress the plaintiff's injury. *Id*. To summarize, the question is whether, as of the filing of the complaint, plaintiff faced a concrete and actual or imminent injury in fact that was caused by the defendants in this case and that was redressable by a favorable judicial order. Nova at page 4. Allegations of possible future injury do not satisfy the requirements of Article III. Nova citing Whitmore v. Arkansas, 495 U.S. 149 at 158. A threatened injury must be more than a possibility and the threat of injury must be both real and immediate. Nova citing Essence, Inc. v. City of Federal Heights, 285 F.3d 1272, 1282 (10th Cir. 2002).

In addition to these constitutional limitations, the Supreme Court has also identified three prudential standing principles. Sac and Fox Nation of Missouri v. Pierce, 213 F.3d 566, 573 (10th Cir. 2000). First, a plaintiff generally must assert his own rights rather than those belonging to third parties. *Id*. Second, a generalized grievance shared by a large class of citizens normally does not warrant a federal court's exercise of jurisdiction. *Id.* Third, the interests which a plaintiff seeks to protect must arguably be within the zone of interests to be protected by the statute or constitutional guarantee in question. *Id.*

Broadly stated, this action involves claims by the plaintiff, Johnnie Louis McAlpine,[4] that there were improprieties involved with the preparation and authorization of a trust for his sister, a restricted Osage Native American named Jacqueline Leigh McAlpine. For the limited purposes of determining its jurisdiction with respect to this dispute, the court makes the following fact-findings, all of which are taken from the allegations and the documents presented by the parties.

---

[4]Because there are several individuals named "McAlpine" involved in this action, plaintiff is referred to as the plaintiff and the other McAlpines are identified by their first names.

Per its own terms, the trust is funded with assets belonging only to Jacqueline McAlpine. (Trust document, section 1.07.) Plaintiff is not a trustee, and the trust does not purport to give the trustee control over plaintiff or his property. Nor does the trust purport to give plaintiff any control over the trust or the trustee.

Defendant Jerry D. Balentine is a lifetime trust advisor to his sister's trust. Defendant Jonna Maroney is the sister of plaintiff and of Jacqueline as well as a trustee in the trust. Defendant Jaime McAlpine is a successor trustee and also the brother of plaintiff and Jacqueline. (Trust document and Guardians' Petition for a Court Authorized Trust.)

Plaintiff alleges that plaintiff, defendant Maroney and defendant Jaime McAlpine are all heirs of the trust per section 12.05(k) of the trust. Plaintiff asserts an interest in the trust and a stake in the federal claims alleged in this action, based on the per stirpes clause in the trust. (Plaintiff's response to the motions, doc. no. 7 at p. 2.) Section 12.05(k) describes how distributions are made "whenever a distribution is to be made to a person's descendants per stirpes."

Article 7 of the trust, which pertains to administration of the trust upon the death of Jacqueline, provides (in section 7.03) that after satisfaction of any claims upon the trust "the trustee shall pay the then remaining trust assets to such person or persons [otherwise undefined] or to the estate of Jacqueline in any such manner as Jacqueline shall appoint by valid Last Will and Testament...."

Section 7.03 further provides that "If Jacqueline should die before the complete distribution of her trust without exercising [a]...limited power of appointment, the trustee shall distribute the balance of the trust property as follows: Donna Willis, in Trust, 1/2 [and] Johnnie Edward McAlpine, in trust, 1/2." According to the Guardians' Petition for a Court Authorized Trust filed with the District Court of Canadian County on December 23, 2004, Donna Willis is the mother of Jacqueline

and Jacqueline's siblings Jonna, Jaime, Johnnie Louie, Jennifer and plaintiff; Johnnie Edward McAlpine is the father of Jacqueline and Jacqueline's siblings Jonna, Jaime, Johnnie Louie, Jennifer and plaintiff.

Section 7.03. 1.(g) of the trust provides that "If Donna Willis is not living at the death of Jacqueline Leigh McAlpine...or Donna Willis should die after the establishment of this trust share, but before the complete distribution of her trust share, the Trustee shall distribute the remaining trust property to Donna Willis's then living descendants, per stirpes." Section 7.03.2.(g) makes the same provision with respect to the interests of Johnnie Edward McAlpine, plaintiff's father, if plaintiff's father is not living at the death of Jacqueline.

According to these provisions in the trust document, before plaintiff would have an actual interest in the trust estate of his sister Jacqueline, Jacqueline would have to die leaving a trust balance to plaintiff through a Last Will and Testament (which is not before the court), or else die without leaving the trust assets by a will so that the trust assets would go to Jacqueline's parents in equal shares per the trust agreement; in the latter event, both parents would then have to die leaving a trust balance, which would then be distributed to the descendants' of Donna Willis and Johnnie McAlpine per stirpes, a distribution which would include plaintiff if he were living at that time. (See trust, section 12.05(k) for trust's definition of per stirpes.)

Accordingly, the court finds and concludes that plaintiff's stake in the federal claims he purports to assert in this action is far too contingent to give him an interest in this dispute which would be sufficient for jurisdictional purposes. His interest in the alleged federal claims is purely speculative and conjectural, and it is dependent upon many future contingencies which may or may not occur. Plaintiff does not have such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely

depends for illumination of difficult constitutional questions. Nova at page 8, quoting Duke Power Co. v. Carolina Envtl. Study Group, Inc., 438 U.S. 59 at 72. Thus, plaintiff does not have constitutional standing to bring the federal claims which he alleges.

Plaintiff asserts rights belonging to third parties, such as his sister or her guardians or the trustees of his sister's trust. Also, plaintiff's interest is not within the zone of interests protected by the constitutional provisions (the Equal Protection Clause) or the federal statutes (42 U.S.C. § § 1983, 1985(3), or Title 25) upon which plaintiff relies for his federal claims. (See 12(b)(6) discussion, below.) Thus, even if plaintiff had constitutional standing he would not have prudential standing to litigate the alleged federal claims.

For these reasons, plaintiff does not have standing, and the court does not have jurisdiction to adjudicate plaintiff's federal claims.

B. Ripeness

While standing has to do with who may bring an action, ripeness has to do with when a complaint may be brought. Ripeness, as a general rule, is determined by a two-factor test requiring the court to evaluate both the fitness of the issue for judicial resolution and the hardship to the parties of withholding judicial consideration. New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1499 (10th Cir. 1995). In determining whether an issue is fit for judicial review, the central focus is on whether the case involves uncertain or contingent future events which may not occur as anticipated, or indeed may not occur at all. *Id.*, quoting 13A Wright, Miller & Cooper, Federal Practice & Procedure, § 3532 at 112.

Having carefully considered these factors, the court finds and concludes that plaintiff's federal claims are not now fit for judicial resolution and that no judicial hardship will result from withholding judicial consideration at this time. This action

involves uncertain and contingent future events which may or may not occur. As a result, plaintiff's federal claims are not ripe for adjudication and the court does not have jurisdiction to hear these claims.

III. Failure to State a Cause of Action

As an alternative to dismissal for lack of jurisdiction under Rule 12(b)(1), the court takes the somewhat unusual step of determining the 12(b)(6) issues as well. As briefed, the motions appear to challenge only plaintiff's federal claims for failure to state a claim.

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded facts and view those facts in the light most favorable to the non-moving party. Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). The court must construe the plaintiffs' allegations liberally because the rules require only general or notice pleading rather than detailed fact pleading so as to do substantial justice. United States v. Uvalde Consol. Indp. Sch. Distr., 625 F.2d 547, 549 (5th Cir. 1980). A claim should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The primary federal claim alleged in this action appears to be that defendants "conspired...to deprive the plaintiff, as an heir in the trust, of equal protection under the law." (Complaint, part "C," first paragraph.) A conspiracy is mentioned in every paragraph of the four paragraphs which comprise the "Cause of Action" portion of the Complaint. (Part "C.") The jurisdictional portion of the Complaint, Part "A," however, cites not only 42 U.S.C. § 1985(3) (conspiracy to deprive of constitutional rights), but also 42 U.S.C. § 1983 (deprivation of constitutional rights); thus, plaintiff

may have intended to allege a denial of equal protection under § 1983 as well as a conspiracy to deprive him of equal protection under § 1985(3).[5]

First, with regard to the conspiracy to deprive of equal protection claim, it is well established that 42 U.S.C. § 1985(3) does not create a general federal tort law and that this statute does not apply to all tortious, conspiratorial interferences with the rights of others. Griffin v. Breckenridge, 403 U.S. 88, 101 (1971). As stated in Griffin:

> The constitutional shoals that would lie in the path if interpreting §1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose--by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors of the limiting amendment. [Citations omitted.] The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all.

403 U.S. at 101-02. The Complaint alleges no class-based conspiracy or deprivation of equal protection rights. Accordingly, it fails to state a claim under 42 U.S.C. §1985(3). Similarly, if plaintiff intended to allege an equal protection claim under 42 U.S.C. §1983, he has also failed to do so because such a claim requires proof of racially discriminatory intent or purpose. Village of Arlington Heights v.

---

[5]Judge Cook's Order of October 19, 2005 which transferred this action to this court for venue reasons, states "McAlpine claims a denial of his constitutional right to equal protection of the laws and cites 42 U.S.C. § 1985(3) and 28 U.S.C. § § 1331 and 1343 as the statutory bases for jurisdiction." (October 19 Order, p. 1.) Judge Cook characterized plaintiff's complaint as alleging that, "in the course of their dealings with the trust, the defendants conspired to violate [plaintiff's] right to equal protection of the law and the protection of the Secretary of the Interior." (October 19 Order, p. 1.) The only jurisdictional question which Judge Cook addressed in his Order was whether there was federal question jurisdiction. Because federal statutes were cited on the face of the Complaint, Judge Cook held that there was federal question jurisdiction. He did not, however, address any of the other jurisdictional or 12(b)(6) issues treated in the instant Order.

Metropolitan Housing Development Corp., 429 U.S. 252, 265 (1977). No such racially discriminatory intent or purpose is alleged.

The only other substantive federal law which the Complaint mentions is Title 25 which pertains to Native Americans. The Complaint alleges that defendants "conspired to deny the plaintiff, as an heir in the trust, the protection of the Secretary of the Interior as provided for in Title 25 of the Code of Federal Regulations, by usurping the authority of the Secretary of the Interior, with the language of the trust." (Complaint, Part "C," "Cause of Action.") Part "B" of the Complaint, which is labeled "Factual Background," also states that "Plaintiff has a will deposited with the Secretary of the Interior as provided for in Title 25 U.S.C. [sic] part 17.11."[6] Despite such references to Title 25, plaintiff has not identified any provision of Title 25, or of any regulations promulgated under that title, which provide a private cause of action to plaintiff in the circumstances alleged in the Complaint. Accordingly, the court finds that if plaintiff intended to allege a claim under Title 25, he has failed to do so because the Complaint lacks sufficient clarity to allow the defendants or the court to evaluate the sufficiency of any such claim.

IV. State Law Claims

The result of this Order is that all of plaintiff's purported federal claims are dismissed without prejudice under Rules 12(b)(1) and 12(b)(6). This means that the only remaining claims are plaintiff's state law claims, which appear to be fraud and conspiracy to defraud claims.[7] Defendants have moved for dismissal under Rule 9,

---

[6]The court presumes plaintiff intended this as a citation to 25 C.F.R. §17.11, which provides that when a will has been executed and filed with the Superintendent of the Osage Indian Agency during the lifetime of the testator, that the will shall be held in confidence and its contents shall not be divulged prior to the death of the testator.

[7]The Complaint alleges that the defendants "conspired to defraud plaintiff, as an heir in the trust, of his property by preparing a trust based on a guardianship no longer in existence" and that (continued...)

arguing that plaintiff's fraud claims lack sufficient particularity to state a claim. As no federal claims remain, however, before addressing these Rule 9 issues, the court must first determine whether to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §1367(c)(3).

Judicial economy, fairness, convenience, and comity are all considerations which guide a district court's decision regarding whether to defer to a state court or retain and dispose of state law claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966). The Tenth Circuit has held that when federal claims are resolved before trial, the district court should usually decline to exercise jurisdiction over the remaining state law claims and allow the plaintiff to pursue them in state court. *See*, Smith v. City of Enid By and Through Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995).

Having disposed of the federal claims prior to trial, and finding no consideration which causes the court to conclude that it should retain jurisdiction over the state law claims, the court, in the exercise of its discretion, declines to exercise supplemental jurisdiction over those claims. Accordingly, plaintiff's state law claims are dismissed without prejudice and this Order does not address defendants' Rule 9 arguments.

## Conclusion

Defendants' motions to dismiss plaintiff's claims are **GRANTED** in part and **STRICKEN** in part, as follows.

The motions are **GRANTED** to the extent that defendants seek dismissal of plaintiff's federal claims under Fed. R. Civ. P. 12(b)(1). Plaintiff's federal claims are **DISMISSED** without prejudice for lack of jurisdiction because plaintiff does not have

---

[7](...continued)
they "failed to prevent this conspiracy." Complaint, Part "C," "Cause of Action.

standing to pursue the alleged federal claims and also because the federal claims are not ripe for adjudication.

Alternatively, plaintiff's federal claims are **DISMISSED** without prejudice under Rule 12(b)(6) for failure to state a claim.

The court declines to exercise supplemental jurisdiction over plaintiff's state law claims. The state law claims are **DISMISSED** without prejudice.

To the extent defendants' motions ask the court to dismiss plaintiff's state law claims for lack of standing, for lack of ripeness, for failure to state a cause of action, or for failure to plead fraud with particularity under Fed. R. Civ. P. 9, the motions are **STRICKEN** as moot.

Dated this 29th day of November, 2005.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1225p003(pub).wpd